IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAMON DE JESUS<br>Plaintiff<br>vs<br>C.P.G. ASHFORD AVENUE, L.P., S.E.;<br>RADISSON AMBASSADOR PLAZA<br>HOTEL & CASINO<br>Defendants | CIVIL 09-1665CCC |

**OPINION AND ORDER**

Following the entry of a Partial Judgment,[1] the remaining claims in this action, alleging retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-5, and unlawful discharge under Puerto Rico Law 80, are now before us on defendants' Motion for Summary Judgment (**docket entry 26**).  It is defendants C.P.G. Ashford Avenue, L.P., S.E. and Radisson Ambassador Plaza Hotel and Casino's (jointly referred to as CPG) contention that plaintiff has failed to state a cause of action for retaliation under Title VII.  Plaintiff Ramón de Jesús opposed the motion (docket entry 32).

De Jesús contends that he was the victim of defendants' retaliation for his having filed a  previous lawsuit, in 2003,based on disability discrimination under Section 107(a) of the Americans with Disabilities Act (ADA) against them (¶ 1 at page 1).  Nonetheless, he filed this complaint under Title VII, which addresses discrimination based on race, color, sex,

---

[1] Additional claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, et seq., and Puerto Rico Law 100, 129 L.P.R.A. §146, et seq., were voluntarily dismissed with prejudice.  See, docket entry 24.

CIVIL 09-1665CCC                                    2

national origin, or religion, and which does not provide a cause of action for disability retaliation.

>   In his memorandum in support (docket entry 31), de-Jesús argues, at page 8:
>
>> After examining Defendants arguments and the "Pro Se" complaint filed by Plaintiff on July 14, 2009 in the above instant case, it is obvious that Plaintiff erroneously cited the anti-retaliation statute Title VII when he stated his claim as "<u>retaliation pursuant to the provisions of Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000c-(5)(f)(1)</u>" ("Title VII"), when properly pleaded, it should have been asserted under the provisions of the Americans with Disabilities Act ("ADA").

(Emphasis in the original.)  Plaintiff also states that "as a *pro se* plaintiff, [he] is entitled to have his complaint 'liberally construed'" and that the Court should be even more flexible and liberal because a *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers."  Plaintiff's opposition, page 9 (citations omitted).

De-Jesús, however, is <u>not</u> a *pro se* plaintiff.  Although he filed his complaint *pro se* on July 14, 2009, attorney Manual Durán-Rodríguez entered an appearance on his behalf on December 30, 2009 (docket entry 8), and represented him through August 6, 2010 (docket entry 18), after which his current attorney, Carlos González-Contreras, entered his appearance on September 1, 2010 (docket entry 19).  Additionally, his first attorney in this action, Durán-Rodríguez, is the same attorney who represented de-Jesús for almost five (5) years in the 2003 lawsuit, and who successfully negotiated a settlement of that case in April, 2008, only four (4) months before plaintiff filed the first administrative charge supporting this action.  Therefore, de-Jesús' first attorney was very familiar with his employment situation

CIVIL 09-1665CCC                                3

and the factual allegations engendering this action. Either of his attorneys should have discovered the error and moved to amend the pro-se complaint.  Nonetheless, neither Durán-Rodríguez nor González-Contreras did so.  Nor was the error admitted by plaintiff fifteen (15) months later at the October 15, 2010 pretrial conference when defendants insisted that plaintiff had not pled a retaliation claim under Title VII.  Instead, plaintiff argued against the defendants' position, for which reason the Court allowed the late filing of this summary judgment motion, stating :

> Defendants are granted until October 29, 2010 to file a Motion for Summary Judgment based on the contention that <u>plaintiff did not engage in protected activity, for purposes of a Title VII retaliation claim</u>, because he did not oppose a practice made unlawful by Title VII nor did he participate in an investigation or proceeding under Title VII when he filed his 2003 complaint nor at any time thereafter.
>    Plaintiff shall file his opposition by November 12, 2010. The Court has now allowed this late filing of a dispositive motion, although the late filing was previously denied, since adjudication of this matter is essential before proceeding on to trial.

Pretrial Conference Minutes (docket entry 23) (our emphasis).

This situation resulted in vacating the December 7,2010 trial setting.  It was not until he filed the opposition that plaintiff finally admitted that he had erred by invoking Title VII. He correctly contends that, this notwithstanding, his factual allegations support a retaliation claim under ADA and that he had previously filed administrative claims against defendants for such conduct.

Defendants' acknowledge in their statement of uncontested material facts (docket entry 27), at ¶¶ 8-10, that plaintiff's administrative claims were made pursuant to the ADA.

CIVIL 09-1665CCC                                    4

Therefore, notwithstanding plaintiff's failure to timely correct the error, defendants have known, since notification of the administrative charges, the actual cause of action against them based on retaliation under the ADA. They have not been prejudiced by this error. Accordingly, the defendants' Motion for Summary Judgment (**docket entry 26**) is DENIED.

However, the negligence of plaintiff's attorney in not requesting leave of Court to correct this error, even after its discussion at the Pretrial Conference, has resulted in an unnecessary delay of the proceedings and in the expense to defendants incurred in the preparation and filing of this motion for summary judgment. Therefore, Carlos González-Contreras, attorney for plaintiff, is hereby sanctioned the expenses and attorney's fees incurred by the defendants related to this motion. Defendants shall file, no later than April 20, 2011, a motion for costs and attorney's fees with supporting documentation.

SO ORDERED.

At San Juan, Puerto Rico, on April 15, 2011.

S/CARMEN CONSUELO CEREZO
United States District Judge