IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON DE JESUS

Plaintiff

vs

C.P.G. ASHFORD AVENUE, L.P., S.E.;
RADISSON AMBASSADOR PLAZA
HOTEL & CASINO

Defendants

CIVIL 09-1665CCC

**O R D E R**

On April 18, 2011 the Court issued an Opinion and Order (docket entry 35) denying defendants' Motion for Summary Judgment based on the fact that plaintiff failed to state a cause of action under Title VII.  The cause of action that the summary judgment referred to were contained in a pro-se complaint filed by plaintiff who was subsequently represented by counsel who never explained why the pro-se complaint was not amended.  In his opposition to the Motion for Summary judgment plaintiff, represented by counsel, admitted that he had "brought his action pursuant to the wrong statute."  To that end, the Court in its Order denying summary judgment, observed:

> . . . It was not until he filed the opposition that plaintiff finally admitted that he had erred by invoking Title VII. He correctly contends that, this notwithstanding, his factual allegations support a retaliation claim under ADA and that he had previously filed administrative claims against defendants for such conduct.
>
> Defendants' acknowledge in their statement of uncontested material facts (docket entry 27), at ¶¶ 8-10, that plaintiff's administrative claims were made pursuant to the ADA.  Therefore, notwithstanding plaintiff's failure to timely correct the error, defendants have known, since notification of the administrative charges, the actual cause of action against them based on retaliation under the ADA.  They have not been prejudiced by this error.

Although the dispositive motion was denied, plaintiff was economically sanctioned and defendants were requested to file a motion for costs and attorney's fees incurred in the preparation of their motion for summary judgment.  Pending before the Court is such a

CIVIL 09-1665CCC                                       2

Motion (docket entry 37), filed on April 20, 2011, in which defendants request an award of $3,369.50 in attorney's fees and $439.00 in costs.

Defendants have also filed a Petition for Leave to Appeal (docket entry 39) requesting that the Court issue a 28 U.S.C. §1292(b) certification for an interlocutory appeal. Having considered defendants' discussion of the four requisites of appealability established in Boreri v. Fiat S.P.A., 763 F.2d 17, 21 (1st cir. 1985), the Court concludes that defendants have not established requisites 1, 3 or 4 set forth therein. The order does not involve an issue essentially unrelated to the merits of the main dispute, since what it resolves is that, although incorrectly identified as a Title VII retaliation action, the complaint survives as a retaliation claim under the ADA. The order goes to define the very nature of the controversy set forth in the pro-se complaint. The order does not involve a right incapable of vindication on appeal from final judgment. Defendants aver otherwise, at p. 3 of their petition, that they will be forced to defend themselves from a claim not properly raised in the complaint. To start with, defendants were vindicated regarding the situation related to the claim that was not properly raised in the complaint. Economic sanctions were imposed, precisely because the pro-se complaint misidentified the applicable statutory provision. However, the necessary factual allegations were included in the pro-se complaint in support of an ADA retaliation claim. Additionally, plaintiff had previously filed administrative claims pursuant to the ADA against these defendants for that same conduct. That movants will have to defend themselves does not point to a right incapable of vindication on appeal from final judgment. The Court's order places them in the situation of any other defendant whose motion for summary judgment is denied. Finally, the order does not, by any means, involve an important and unsettled question of controlling law. Rather, it is merely a question of the proper exercise of the Court's discretion in ruling on the merits, or lack thereof, of a dispositive motion. Also, in its discretion, the Court imposed costs and attorney's fees upon plaintiff's **attorney**, not upon plaintiff, for his inexcusable neglect in failing to acknowledge

CIVIL 09-1665CCC                               3

that the factual allegations of his client's pro-se complaint belonged within ADA retaliation framework, not a Title VII matter.  That was strictly a legal matter that the attorney should have corrected in a timely amendment.

For the reasons stated, defendants' request for certification under 28 U.S.C. §1292(b) contained in their Petition for Leave to Appeal (**docket entry 39**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on May 18, 2011.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge